UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTURO OSIEL VALENCIA BARRERA,

Petitioner,

v.

WESTERN STATE HOSPITAL,

Respondent.

Case No. C25-2195-KKE-SKV

REPORT AND RECOMMENDATION

On October 31, 2025, Petitioner Arturo Osiel Valencia Barrera submitted to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. 1. Petitioner was at that time confined at Western State Hospital where he was undergoing an inpatient competency evaluation at the direction of the Whatcom County Superior Court.[1] *See* Dkt. 10 at 1-2. Petitioner alleged in his petition that his due process rights were violated when the judge in his criminal proceedings denied him his right to represent himself and ordered an inpatient competency evaluation after he had been found competent following an earlier evaluation. *Id.* at

---

[1] Petitioner currently has criminal charges pending against him in Whatcom County Superior Court. *See State of Washington v. Arturo Osiel Valencia Barrera*, No. 25-1-00922-37 (Whatcom County Superior Court, filed Aug. 22, 2025), *docket available at* https://odysseyportal.courts.wa.gov/odyportal (last accessed Jan. 26, 2026).

REPORT AND RECOMMENDATION - 1

6.  Petitioner claimed his criminal proceedings were "on hold" until he agreed to participate in a second competency evaluation, which he had refused to do. *Id.*  Petitioner further claimed the judge who ordered the competency evaluation was biased against him. *Id.*

Petitioner, in his request for relief, asked this Court to order the Whatcom County Superior Court to return him to jail and allow him to represent himself. Dkt. 10 at 7.  Petitioner also asked this Court to order that: (1) any necessary competency evaluation be conducted on an outpatient basis; (2) he be given access to his laptop and the internet so he can prepare documents for purposes of his criminal proceedings; and (3) a private investigator be appointed to help him with paralegal tasks, including filing documents. *Id.*

After reviewing the petition, this Court issued an Order directing Petitioner to show cause why this action should not be dismissed in accordance with the *Younger* abstention doctrine. Dkt. 11.  The Court explained therein that federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *Id.* at 2 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).  The Court further explained that because Petitioner's state court criminal proceedings were ongoing and implicated important state interests, because there appeared to be no reason Petitioner could not bring his constitutional claims in state court, and because Petitioner's claims pertaining to his competency to stand trial and his right to represent himself in his criminal case would necessarily require this Court to become involved in his ongoing state court criminal proceedings, *Younger* abstention appeared to apply.[2] *See id.* at 2-3.

---

[2]  The Court also noted in its Order to Show Cause that, even if Petitioner could demonstrate that *Younger* abstention did not apply, he would have to demonstrate that he had exhausted the remedies available to him in the state courts before his claims would be eligible for federal habeas review, something he had not done. *See* Dkt. 11 at 3.

REPORT AND RECOMMENDATION - 2

On December 4, 2025, Petitioner filed an amended petition in which he added six new claims, all of which appear to arise out of the conditions of his confinement at Western State Hospital. Dkt. 13 at 6-7, 9-10. Petitioner's request for relief included the same requests set forth in his original petition plus additional requests for injunctive relief apparently related to his newly asserted conditions of confinement claims. *See id.* at 7.

On January 5, 2026, Petitioner filed a document entitled "Application for Time Extension on Order to Show Cause, Application for Furnishment of Docket and Address Change, Omnibus Motion for Preliminary Injunction Orders and Supporting Declaration of Petitioner." Dkt. 15. Petitioner indicates therein that he has been transferred back to the Whatcom County Jail ("the Jail") from Western State Hospital and he requests an extension of time to respond to the Court's November 26, 2025, Order to Show Cause, claiming that he has been denied access to a law library and cannot adequately prepare a response to the Order. *Id.* at 1. Petitioner also requests various forms of injunctive relief related to the conditions of his confinement at the Jail. *Id*. at 1-2. For reasons that are unclear, Petitioner re-filed essentially the same document on January 15, 2026. *See* Dkt. 16.

Upon review of Petitioner's various submissions to date, this Court concludes that it would serve no purpose to grant Petitioner additional time to respond to the Order to Show Cause as the Court can conceive of no response Petitioner could provide that would render the claims asserted by Petitioner in his original petition viable in this federal habeas action. First, the Court observes that it appears Petitioner's competency evaluation at Western State Hospital has concluded as Petitioner has been returned to the Jail. Thus, to the extent Petitioner sought to challenge in his petition the fact of his confinement at Western State Hospital, and requested he

REPORT AND RECOMMENDATION - 3

be returned to the Jail and afforded an outpatient competency evaluation instead of an inpatient evaluation, his claim appears to be moot.

Second, to the extent Petitioner claims that a Whatcom County Superior Court judge violated his due process rights when he denied Petitioner the right to represent himself, Petitioner's claim falls squarely within the purview of the trial court at this juncture. Moreover, Petitioner identifies no extraordinary circumstances surrounding this claim, or his claim of judicial bias arising out of the same set of facts, which would warrant this Court's intervention in Petitioner's ongoing state court criminal proceedings, and it is unlikely Petitioner could identify any such circumstances even if granted additional time to do so. Accordingly, this Court concludes that Petitioner's original claims should be dismissed on grounds of mootness and/or under the *Younger* abstention doctrine, and that Petitioner's request for additional time to file a response to the Order to Show Cause should be denied.

With respect to Petitioner's attempt to add to this federal habeas action a host of issues pertaining to conditions of his confinement at Western State Hospital (*see* Dkt. 13), and his attempts to seek injunctive relief relating to conditions of his confinement at the Jail (*see* Dkts. 15, 16), Petitioner has not identified any claims properly before the Court in a federal habeas action, nor has he requested any relief that may be granted herein.

Under the general grant of habeas corpus authority in 28 U.S.C. § 2241, the Court has jurisdiction to grant a writ to an individual "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Actions fall within the "'core of habeas corpus'" where they challenge the validity or

REPORT AND RECOMMENDATION - 4

duration of a conviction or sentence, and success would necessarily result in immediate or earlier release from confinement. *Nettles v. Grounds*, 830 F.3d 922, 927-35 (9th Cir. 2016). "If a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under [42 U.S.C.] § 1983.'" *Id.* at 933-34 (quoting *Preiser*, 411 U.S. at 487, and *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)).

Petitioner's challenges to the conditions of his confinement at Western State Hospital and/or the Jail do not target the legality of his custody, nor would success on such claims entitle him to release from custody. These claims therefore do not fall within the core of habeas corpus and are properly brought instead in a civil rights cause of action under 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 499-500 ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (internal citation omitted).

As Petitioner has not identified any viable claim for relief in his petition for writ of habeas corpus, the Court recommends that Petitioner's petition (Dkt. 10) and this action be dismissed without prejudice. The Court further recommends that Petitioner's motion for an extension of time to respond to the Order to Show Cause (Dkt. 16) be denied. If Petitioner wishes to pursue his conditions of confinement claims, he may do so by filing a separate civil rights action under § 1983.

A petitioner seeking federal habeas relief may appeal a district court's dismissal of his petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28

REPORT AND RECOMMENDATION - 5

U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes Petitioner is not entitled to a certificate of appealability in this matter. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 17, 2026**.

DATED this 27th day of January, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6